UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:08-cr-01015-GRA-2 |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| Tyrone Durant Rosemond, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes by Defendant's motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). (ECF No. 72). For the following reasons, Defendant's Motion is DENIED.

## Background

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be

applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Discussion

Defendant was first sentenced on February 22, 2010 with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | <u>21</u> |
| Criminal History Category: | <u>V</u> |
| Months Imprisonment: | <u>70 to 87</u> |

Taking into consideration these guidelines, the Court sentenced Defendant to 70 months Count 1 and 70 months for Count 2, all terms to run concurrently. This sentence was within the range indicated by the guidelines. Further, Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D1.1, the Court finds that Defendant's sentencing range will remain the same. Defendant pled guilty to one count of distribution of crack cocaine and one count of being a felon in possession of a firearm. Although the new amendment does in fact lower Defendant's offense level for count one, distribution of crack cocaine, his

total offense level is ultimately determined by U.S.S.G. § 3D1.3(a).  Pursuant to U.S.S.G. § 3D1.3(a), when counts are grouped together, the highest offense level of the counts is to be used.  Here, both of Defendant's counts were grouped together for sentencing purposes.  Count two, felon in possession of a firearm, produced the highest offense level between both counts, which was a 24 (before adjustments).  In effect, Defendant's sentence range under the new amendment does not change.

### Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that Defendant's previously imposed sentence shall remain in effect and not be reduced because it is a sentence within the guidelines range.  All provisions of Defendant's previous sentence, dated February 22, 2010, remain in full force.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Modification or Reduction of Sentence is **DENIED**.

**IT IS SO ORDERED.**

_____

G. Ross Anderson, Jr.
Senior United States District Judge

January 13, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**